UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERNESTINE MCCLAIN,

                    Plaintiff,

      -against-

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,

                    Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-3104 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Ernestine McClain brings an employment discrimination action against Defendant New York State Department of Taxation and Finance, filed on May 24, 2013. (Compl. (Dkt. 1) at 1.) Plaintiff brings this claim under (1) the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-34; (2) Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-17; and (3) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. (Id.) Defendant moves to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Mot. to Dismiss (Dkt. 9) at 1.) Defendant's Motion to Dismiss is GRANTED.

**I.    BACKGROUND**

From May 1993 to August 2012, Plaintiff worked for the Defendant state agency as a technology specialist. (Compl. at 6, 9.) By November 10, 2010, Plaintiff was the oldest, but not the most senior, specialist in her office in Brooklyn. (Id.; Feb. 4, 2011, E-mail, Ex. 8 to Pl. Aff. in Opp'n to Def.'s Mot. ("Aff. in Opp'n") (Dkt. 10-1) ("I am the least senior ITS @ Hanson Pl [in Brooklyn]. . . .").) She injured her back while working and filed a request for reasonable accommodation on November 12, 2010, seeking "temporary relief from heavy lifting and

1

handling of large heavy shipments while under doctor's care." (Req. for Reasonable Accommodation, Ex. I to Aff. in Opp'n.) Attached to Plaintiff's request for reasonable accommodation was a doctor's note stating that she should avoid any heavy work for two weeks. (Nov. 11, 2010, Ltr., Ex. II to Aff. in Opp'n.) Ellen Mindel, Assistant Director of the Office of Diversity and Affirmative Action, (Compl. at 3), received this application and on December 28, 2010, informed the Plaintiff that no heavy work had come in for some time. (E-mail, Ex. III to Aff. in Opp'n.) In the same e-mail, Mindel instructed Plaintiff to move boxes near her supervisor's desk. The boxes weighed 320 pounds in total, but Mindel stated that Plaintiff was permitted to "move them over several days and . . . [to] take out some of the contents in the boxes to reduce the weight." (Id.; Aff. in Opp'n at 3.) After attempting several times to change her tasks due to her back pain, Plaintiff moved the shipment as she was instructed. (Compl. at 8-9.)

In January 2011, Plaintiff was reassigned to "a more strenuous job, in a remote location," in Nassau County. (Compl. at 6.) The transfer required a lengthy commute. (Id.) Plaintiff was told that she was chosen for the transfer because "there will be the least amount of disruption to customer service." (Id. at 9.) Plaintiff also learned that the office of her new assignment was scheduled to close and merge with the existing Suffolk County office. (Id.) On March 3, 2011, Plaintiff began work in the Nassau office. (Id.) Plaintiff was assigned more strenuous work in Nassau in spite of her ongoing back pain. (Id. at 10.) After she reinjured her back on August 29, 2011, Plaintiff was placed on medical leave at some later date that is left unspecified in her complaint. (Compl. at 6; Aug. 27, 2012, Ltr., Ex. XI to Aff. in Opp'n.) Plaintiff was on medical leave when the Nassau office closed in January 2012, less than one year after her reassignment. (Compl. at 10.) The Department of Taxation terminated Plaintiff on August 29, 2012, after

being absent from work for one year. (Mem. of Law of the N.Y. State Dept. of Taxation & Finance in Supp. of Its Mot. to Dismiss ("Mem. in Supp.") (Dkt. 9) at 2.)

On July 18, 2012, Plaintiff filed a discrimination complaint with the New York State Division of Human Rights alleging employment discrimination on the basis of age and disability. (Holgado Affirm., Ex. A ("Admin. Compl.") (Dkt. 9-2) at 3-5.) Plaintiff filed a similar complaint with the Equal Employment Opportunity Commission ("EEOC") on July 23, 2012, under the ADEA and the ADA but not under Title VII, because Plaintiff alleged discrimination was based only on age and disability. (Admin. Compl. at 1.)

In December 2012, Plaintiff's supervisor, Emmanuel Pratt, told Plaintiff that she had no claim against him for discrimination "because [they] are the same." (Id. at 6.) Plaintiff took this statement to be a racial comment that she could not sue Pratt because both Plaintiff and Pratt are black. (Id.)

Plaintiff alleges that she was reassigned in retaliation for her application for a reasonable accommodation and because she was the oldest person in the Brooklyn office. (Id. at 16.) Plaintiff states that Defendant's intent was to constructively discharge her from her duties once the Nassau office closed. (Id.) Plaintiff brought this claim against Defendant, seeking remedies under the ADEA, the ADA, and Title VII. (Id. at 1.) Defendant filed the instant Motion to Dismiss, along with Plaintiff's Opposition, on October 18, 2013. (Dkt. 9.)

## II. LEGAL STANDARD

When reviewing a complaint, a court must construe a pro se litigant's pleadings liberally, see Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010), especially if those pleadings allege civil rights violations. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Courts must read pro se complaints

with "special solicitude" and interpret them to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. See Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). After construing all ambiguities and drawing all inferences in plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it. See id. (citations omitted).

If faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6), a court should "decide the 'jurisdictional question [under Rule 12(b)(1) ] first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'" Tirone v. N.Y. Stock Exch., Inc., No. 05-CV-8703 (WHP), 2007 WL 2164064, at *3 (S.D.N.Y. July 27, 2007) (quoting Magee v. Nassau Cnty. Med. Ctr., 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)); see also Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990). Because the court dismisses this case for jurisdictional reasons under Rule 12(b)(1), it need not discuss its merits under Rule 12(b)(6).

### III. DISCUSSION

Defendant argues that this court does not have proper jurisdiction over Plaintiff's ADEA and ADA claims, as they are barred by the Eleventh Amendment, which confers immunity from suit on states and their agencies. (Mem. in Supp. at 1.) Defendant further argues that Plaintiff may not bring a claim under Title VII because she failed to exhaust all remedies at the

4

administrative level. (Id.) The court accepts these arguments and thus declines to further examine the merits of Plaintiff's claims.

**A. ADEA Claim**

Plaintiff claims that she was constructively discharged by her employer because she was the oldest employee in her office, a violation of the ADEA. (Compl. at 1; Mem. of L. in Opp'n to Def.'s Mot. to Dismiss ("Mem. in Opp'n") (Dkt. 10) at 1); see 29 U.S.C. § 623(a)(1) (stating that it is unlawful for an employer to discharge an individual "because of such individual's age."). Defendant argues that Plaintiff's suit is barred because it has not waived its Eleventh Amendment sovereign immunity. (Mem. in Supp. at 3-4.)

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. This Amendment provides immunity to states by "prevent[ing] congressional authorization of suits by private parties against unconsenting states." Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 78 (2000) (quoting Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 72-73 (1996)) (internal quotation marks omitted). This rule applies when a "State or one of its agencies or departments is named as the defendant . . . ." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

Some exceptions exist to this rule. Section five of the Fourteenth Amendment empowers Congress to abrogate state sovereign immunity in order to enforce the provisions of that amendment. U.S. Const. amend. XIV, § 5. A state may also choose to waive its sovereign immunity. However, a state has not waived its sovereign immunity unless it has made a "clear declaration of [the] state's consent to suit against itself in the federal court." Kennecott Copper

Corp. v. State Tax Comm'n, 327 U.S. 573, 577 (1946).

The language of the ADEA abrogates the sovereign immunity of the states granted by the Eleventh Amendment. However, the Supreme Court has held that "is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid." Kimel, 528 U.S. at 91; see also Hamad v. Nassau Cnty. Med. Ctr., 191 F. Supp. 2d 286, 296-97 (E.D.N.Y. 2000). Therefore, a claim against a state may only be brought under the ADEA if the state consents to suit.

Plaintiff brings suit against the New York State Department of Taxation and Finance, which is an agency of the state for Eleventh Amendment purposes. Miller v. N.Y. State Dep't of Taxation & Finance, 480 F. Supp. 2d 574, 581 (E.D.N.Y. 2007). New York has not waived its sovereign immunity for the purposes of the ADEA or the ADA. See Nicolae v. Office of Vocational & Educ. Servs. for Individuals with Disabilities, 257 F. App'x 455, 457 (2d Cir. 2007). Additionally, there is no evidence that New York has made a "clear declaration" waiving its sovereign immunity in the case at hand. Rather, Defendant states explicitly that "[n]o such invocation or declaration has been made by the State of the New York with respect to the ADA or ADEA." (Mot. to Dismiss at 5.) Therefore, this claim must be dismissed for lack of subject matter jurisdiction. See Fetcho v. N.Y. State Dep't of Taxation & Finance, No. 10-CV-3881 (JS) (WDW), 2012 WL 294396, at *3 (E.D.N.Y. Jan. 27, 2011) (dismissing ADEA and ADA claims against the agency because New York has not abrogated its Eleventh Amendment immunity). However, Plaintiff may attempt to seek remedies under New York state law for damages against her former state employer, keeping in mind relevant statutes of limitations. See Kimmel, 528 U.S. at 91-92.

### B. ADA Claim

Plaintiff claims that she was not accorded reasonable accommodations by her employer as required by the ADA. (Mem. in Opp'n at 1.) Defendant again responds that it is immune from suit under the Eleventh Amendment. (Mem. in Supp. at 3-4.)

Under Title I of the ADA, it is unlawful to fail to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability, who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). Although the ADA validly abrogated state sovereign immunity in relation to certain instances of discrimination covered by that Act, the Supreme Court has held that that state immunity is not waived in relation to reasonable accommodation in state government employment. Bd. of Trs. Of the Univ. of Ala. v. Garrett, 531 U.S. 356, 360 (2001); see also Tennessee v. Lane, 541 U.S. 509, 521-22 (2004) (distinguishing discrimination against the disabled in the provision of public services from discrimination against the disabled in public employment).

Plaintiff's ADA claim falls squarely within Title I. The gravamen of her claim is the failure of her department to grant her what she considers reasonable accommodation for her back injury, by failing to assign her lighter duties and or transfer her to an office closer to her home. This failure led to her subsequent re-injury and prolonged absence from work. (See Compl. at 3 ("I mailed the doctor's note with the Reasonable Accommodation Request"); Compl. at 5-7 (discussing Plaintiff's request for "Reasonable Accommodation"); Aff. in Opp'n at 1; see also Aug. 27, 2012, Ltr., Ex. 10 to Aff. in Opp'n .)

Plaintiff's claim is thus barred by the Eleventh Amendment. See Garrett, 531 U.S. at

360. Plaintiff seeks to overcome this deficit by arguing that her treatment was "cruel and unusual" within the meaning of the Eight Amendment. (Mem. in Opp'n at 1.) However, this provision was designed to apply in the criminal justice context and not in a context, such as employment, in which a person remains free to leave the situation. See Ingram v. Wright, 430 U.S. 651, 665-70 (1977) (holding that paddling of schoolchildren was not "cruel and unusual" in light of the history and purpose of the Eight Amendment and the fact that children are not physically restrained from leaving public school grounds). As discussed above in relation to the ADEA, New York has not waived its sovereign immunity for the purposes of the ADA. The claim must thus be dismissed for lack of subject matter jurisdiction. As with her ADEA claim, state remedies may remain available to Plaintiff.

### C. Title VII Claim

Plaintiff also brought a claim against her employer under Title VII of the Civil Rights Act, claiming unlawful discharge because of her race. (Aff. in Opp'n at 5; Mem. in Opp'n at 1-2.) Plaintiff made this claim after her former supervisor made a racial comment to Plaintiff some time after she had been discharged. (Id.) Defendant argues that the court lacks jurisdiction over this claim because Plaintiff failed to exhaust her administrative remedies at the EEOC. (Mem. in Supp. at 6-7.)

An employee may bring a claim under Title VII if an employer unlawfully discharges the employee because of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). However, plaintiffs wishing to bring claims under Title VII must go first to the EEOC and obtain a right to sue letter after the Commission's investigation of the matter is complete. "A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that

alleged in the EEOC charge." Butts v. N.Y.C. Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993) (quoting Stewart v. U.S. Immigration & Neutralization Serv., 762 F.2d 193, 198 (2d Cir. 1985)).

In this case, Plaintiff may not bring her Title VII claim in federal court because Plaintiff failed to exhaust all remedies with the EEOC. See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 82-83 (2d Cir. 2001) (citing Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000)). Plaintiff filed complaints with the EEOC only under the ADEA and the ADA, noting that the basis for discrimination was age and disability. (Admin. Compl. at 5.) Plaintiff never made a claim of employment discrimination on the basis of race, color, religion, sex, or national origin under Title VII. (See id.)

Plaintiff's supervisor, Pratt's comment that she could not sue him because they were both black was not "reasonably related" to the earlier complaint. (Id. at 6.) The comment was made eleven months after Plaintiff's termination, which suggests that it was unrelated to the reasoning behind Plaintiff's termination. (Aff. in Opp'n at 7.) In addition, her supervisor was not the person responsible for Plaintiff's constructive termination. It was Mindel who refused her requests for accommodation, and the department's administrative office, not Pratt, made the decision to transfer her and to refuse to transfer her back. (Id. at 5.) Therefore, Plaintiff was required to file a separate EEOC complaint before bringing suit in court. Because Plaintiff failed to exhaust available remedies before beginning this suit, her Title VII claim must be dismissed.

Plaintiff also claims, in her opposition, that she was punished for reporting that Pratt was using government resources to conduct his side business. (Aff. in Opp'n at 3.) However, she did not make this claim in her Complaint, nor is it related to her Title VII claim in any manner. (See generally Compl.) As result, it cannot provide a rationale for why her claim should be treated as

fully exhausted before the EEOC.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      August 14, 2014

NICHOLAS G. GARAUFIS
United States District Judge